UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-02215-RGK (VBKx) | Date | August 8, 2012 |
|---|---|---|---|
| Title | A'LOR INTERNATIONAL, LTD. v. TAPPERS FINE JEWELRY, INC. et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|

| S. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Re: Defendants' Motions to Dismiss (DE 80, 89, 92, 95, 97, and 98)**

## I.   INTRODUCTION

On March 15, 2012, A'Lor International, Ltd. ("Plaintiff") filed its Complaint against seventeen corporate defendants. On May 29, 2012, Plaintiff filed its First Amended Complaint ("FAC"), adding two additional corporate defendants (collectively, "Defendants"). The FAC alleges the following claims against all Defendants: (1) copyright infringement; (2) vicarious copyright infringement; (3) contributory copyright infringement; (4) trade dress infringement, federal unfair competition, and false designation of origin; (5) state trade dress infringement; (6) state injury to business reputation and dilution; (7) violation of 17 U.S.C. §§ 1202 et seq.; and (8) violation of 15 U.S.C. §§ 1114 et seq. The FAC additionally alleges the following claims against Defendants Tapper's Fine Jewelry ("Tapper's"), Hudson-Poole Jewelers, The Source Jewelers, and Miami Lakes Jewelers: (1) breach of implied and/or quasi-contract, (2) breach of fiduciary duties, and (3) breach of the covenant of good faith and fair dealing. Finally, the FAC additionally alleges against Lau International ("Lau"), Savvy Cie, and Gabriel & Bros ("Gabriel") a claim for violation of 15 U.S.C. § 1124.

By way of the current motion, Gabriel, Anything Goes, Tapper's, Lau, and Amazon[1] (collectively, "Moving Defendants") filed separate Motions to Dismiss pursuant to Rule 12(b)(6).[2] For the following reasons, the Court **GRANTS in part** Moving Defendants' Motions.

---

[1] Amazon joined in both Gabriel's and Tapper's' Motions.

[2] Gabriel moves to dismiss all claims against it, i.e., claims 1-6 and 10-12; Anything Goes moves to dismiss claims 5, 11, and 12; Tapper's moves to dismiss claims 5, 7-9, and 11-12; Lau moves to dismiss claims 1-6 and 10-12; and Amazon moves to dismiss claims 1-6 and 11-12.

## II.   **FACTUAL BACKGROUND**

Plaintiff alleges the following facts:

Plaintiff designs nautical cable motif jewelry ("Jewelry"). (FAC ¶¶ 29 & 32; Ex. 1.) Plaintiff has obtained or applied for registration of its Jewelry with the U.S. Copyright Office. (FAC ¶¶ 30, 31, & 69; Ex. 2.) Plaintiff is also the owner and/or licensee of trade dress and trademark rights in its Jewelry. (FAC ¶ 32.) On March 20, 2012, the U.S. Patent and Trademark Office ("PTO") granted Plaintiff Registration Number 4,114,443 ("the '443 mark"). (FAC ¶ 88.)  The '443 mark protects the mark, "ALOR" for  "jewelry and watches; jewelry; leather jewelry and accessory boxes; mechanical and automatic watches; metal wire for use in the making of jewelry, namely, jewelry cable; stainless steel jewelry bracelets; watches and jewelry." (FAC ¶ 88.)

Plaintiff's trade dress consists of, but is not limited to, interwoven nautical cable threads, twisted stainless steel components, electro-polished juxtaposed multi-strand cable threading, and treated soft-textured components. (FAC ¶ 35.) Plaintiff has expended substantial time and energy advertising its Jewelry in popular fashion magazines. (FAC ¶¶ 38 & 40.) Consequently, Plaintiff's Jewelry has gained fame in the marketplace. (FAC ¶¶ 38 & 39.)

Defendants manufacture, develop, import, market, sell, distribute, and/or advertise jewelry ("Infringing Designs") that willfully infringe the copyrights and trade dress of Plaintiff's Jewelry. (FAC ¶¶ 50-51, 54-56, 62, 64, & 66.) Defendants have intentionally designed their Infringing Designs to mimic Plaintiff's Jewelry. (FAC ¶ 92.) In so doing, Defendants have destroyed, removed, and/or altered Plaintiff's copyright management information. (FAC ¶ 142.) Because Defendants' Infringing Designs are substantially indistinguishable from Plaintiff's Jewelry and have the same "look and feel," the Infringing Designs are likely to cause confusion. (FAC ¶¶ 59, 67, 91, 94, & 101.) Plaintiff has suffered substantial damages to its business as a result of Defendants' acts of infringement. (FAC ¶¶ 75, 80, 84, 96, 103, 108, 118, 144 & 153.)

Moreover, Plaintiff had a history of business dealings with Tapper's. (FAC ¶ 120.) While negotiating a possible purchase, Plaintiff gave Tapper's access to designs for its Jewelry on the implied or express understanding that Tapper's would seek Plaintiff's authorization before creating any similar product and provide compensation. (FAC ¶¶ 111 & 113.) Because Tapper's did not seek Plaintiff's authorization or provide compensation before using Plaintiff's Jewelry designs, Plaintiff has suffered damages and harm. (FAC ¶¶ 118, 123, & 129.)

Defendants Lau and Gabriel have also imported the intentionally Infringing Designs. (FAC ¶ 133.) Consequently, Plaintiff has suffered substantial damages. (FAC ¶ 137.)

## III.   **JUDICIAL STANDARD**

A party may move under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. When ruling on a Rule 12(b)(6) motion, the court must assume the allegations in the challenged complaint are true and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court shall not consider facts outside the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo v. Ceninela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To

withstand a motion to dismiss, a pleading must contain sufficient factual matter that, accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

A complaint does not need detailed factual allegations, but a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true conclusory legal allegations; threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 663.

## IV.   DISCUSSION

### A.   Claim One: Copyright Infringement Against Lau, Gabriel, and Amazon

To sufficiently plead a claim for copyright infringement, Plaintiff must allege: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

With respect to the first element, Plaintiff alleges that it has registered or applied for registration of its Jewelry designs with the U.S. Copyright Office. (FAC ¶¶ 30 & 69.) Plaintiff further alleges that it owns in exclusivity the copyrights related to its Jewelry. (FAC ¶¶ 31 & 69.) Although Plaintiff did not to attach a copy of its Jewelry designs and their corresponding copyright registration numbers (Exhibit 2, referenced in ¶ 69), the Court finds that Plaintiff sufficiently pleads ownership of a valid copyright. *See EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 504-05 (E.D. Va. 2009).

The second element requires Plaintiff to establish infringement by alleging that (1) the infringer had access to plaintiff's copyrighted work and (2) the works at issue are substantially similar in their protected elements. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).

With respect to the first element of infringement, "access" equates to a reasonable opportunity by the defendant to view or to copy the plaintiff's work. *See, e.g., Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) ("Proof of access requires an opportunity to view or to copy plaintiff's work. This is often described as providing a 'reasonable opportunity' or 'reasonable possibility' of viewing the plaintiff's work.") (internal citations omitted). A plaintiff may prove "access" through circumstantial evidence by establishing either: (1) a particular chain of events between the plaintiff's work and the defendant's access to that work, or (2) the wide dissemination of plaintiff's work. *Id.* Plaintiff alleges that its work has been widely marketed and advertised, including in high-profile magazines such as *Vogue* and *Vanity Fair*. (FAC ¶¶ 33, 38, & 40.) Plaintiff also alleges that Defendants had access to Plaintiff's Jewelry designs through Plaintiff's website, widely circulated magazines, illegally distributed copies of Plaintiff's Jewelry, retail and on-line retail stores, and fashion industry tradeshows. (FAC ¶ 71.) The Court finds that Plaintiff sufficiently pleads that Defendants had access to its Jewelry.

With respect to the second element of infringement, the Ninth Circuit employs a two-part test for determining whether one work is substantially similar to another. *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990). Under this test, a plaintiff must establish "both substantial similarity of general ideas under the 'extrinsic test' and substantial similarity of the protectable expression of those ideas under the 'intrinsic test.'" *Id.*

Because the "intrinsic test" is a question of fact, the Court does not address the intrinsic test for the purposes of this Motion. *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624 (9th Cir. 2010); *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004).

Whether there is sufficient objective similarity under the extrinsic test, however, may be decided by the court as a matter of law on a motion to dismiss. *See Christianson v. West Pub. Co.*, 149 F.2d 202, 203 (9th Cir.1945). Courts consider things elements as "subject matter, shapes, colors, materials, and arrangement of representations" when evaluating art under the extrinsic test. *Cavalier*, 297 F.3d at 826.

Plaintiff alleges generally that Defendants "procured, purchased, sold, manufactured, caused to be manufactured, imported and/or distributed jewelry comprised of designs which are identical to, or substantially similar to, the Subject Designs." (FAC ¶ 56 & 74.) Plaintiff also attaches to its FAC Exhibit 1, which "is a true and correct comparison of the Subject Designs and the Infringing Designs sold by Defendants." (FAC ¶ 49; Ex. 1.) Exhibit 1 contains a number of the Infringing Designs that Plaintiff alleges have been manufactured or sold by Defendant Lau. (FAC ¶ 50; Ex. 1.) As depicted in Exhibit 1, the subject matter, shapes, colors, materials, and arrangement of representations of the Infringing Designs attributed to Lau are similar enough to Plaintiff's Jewelry designs to survive dismissal at this stage of litigation.

However, Exhibit 1 contains no allegedly Infringing Designs that are specifically attributed to Gabriel or Amazon. (FAC Ex. 1.) Although Plaintiff alleges that Gabriel "manufactured, developed, imported, marketed, sold, and distributed" certain Infringing Designs and that Amazon "purchased, distributed, advertised, and/or sold" the Infringing Designs, Plaintiff has failed to identify any designs attributable to Gabriel or Amazon. (FAC ¶¶ 50-51; Ex. 1.) The Court therefore finds that Plaintiff's allegations of substantial similarity against Defendants Gabriel and Amazon are too conclusory to satisfy the requirements of Rule 8(a). Consequently, the Court finds that Plaintiff sufficiently pleads substantial similarity between Lau's allegedly Infringing Designs and its own Jewelry, but fails to sufficiently plead substantial similarity between Gabriel's and Amazon's allegedly Infringing Designs and its own Jewelry.

Because Plaintiff adequately alleges that Lau had access to its Jewelry designs and that Lau's allegedly Infringing Designs are substantially similar to Plaintiff's own Jewelry, Plaintiff adequately pleads Lau's infringement. Plaintiff fails, however, to sufficiently plead that Gabriel's and Amazon's Infringing Designs are substantially similar to Plaintiff's Jewelry, and therefore fails to adequately plead Gabriel's and Amazon's infringement.

In light of the foregoing, the Court **GRANTS in part** Lau, Gabriel, and Amazon's Motion to Dismiss with respect to this claim. Specifically, the Court **GRANTS with leave to amend** this Motion with respect to Defendants Gabriel and Amazon but **DENIES** this Motion with respect to Defendant Lau.

### B.      Claim Two: Vicarious Copyright Infringement Against Lau, Gabriel, and Amazon

To state a claim for vicarious copyright infringement, the Ninth Circuit requires a plaintiff to allege that the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007).

With respect to the first element, "a defendant exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the

practical ability to do so." *Id.* at 1173. As determined in Section IV.A, *supra*, Plaintiff adequately pleads the existence of direct infringers. However, Plaintiff alleges only that Defendants "had the right and ability to supervise the unlawful manufacturing and/or distribution of Infringing Designs." (FAC ¶ 79.) This allegation constitutes only legal conclusions and Plaintiff offers no factual allegations of Defendants' control over the direct infringers. Because Plaintiff fails the first element, the Court need not address the second element in finding that Plaintiff fails to adequately plead its claim for contributory infringement.

In light of the foregoing, the Court **GRANTS with leave to amend** Lau, Amazon, and Gabriel's Motion with respect to this claim.

### C.   Claim Three: Contributory Copyright Infringement Against Lau, Gabriel, and Amazon

To establish a claim for contributory copyright infringement, Plaintiff must sufficiently plead: (1) direct infringement by a primary infringer, (2) knowledge of the infringement, and (3) material contribution to the infringement. *Metro–Goldwyn–Mayer Studios, Inc. v. Grokster Ltd.*, 380 F.3d 1154, 1160 (9th Cir. 2004), *rev'd on other grounds*, 545 U.S. 913 (2005) (citing *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir.2004)); *see also Perfect 10, Inc. v. Vista Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007).

With respect to the first element, for the same reasons as set forth in Sections IV.A and IV.B, *supra*, Plaintiff has sufficiently pled direct infringement by a third party.

With respect to the second element, Plaintiff alleges only that Defendants "knowingly induced" the infringement and that Defendants infringed Plaintiff's copyrights "with knowledge that Plaintiff owned the exclusive rights . . . and that Defendants' acts . . . constituted infringement." (FAC ¶¶ 83 & 86.) Plaintiff also alleges that it "served cease and desist demands on certain Defendants mandating that they cease and desist in [their] infringement." (FAC ¶¶ 52 & 86.) However, Plaintiff fails to allege whether the infringement of which Defendants had knowledge was their own infringement or that of a third party. This fact is significant, as contributory infringement requires knowledge of *third party* infringement. Therefore, Plaintiff's  factual allegations are insufficient as to the second element.

Finally, Plaintiff also fails to sufficiently plead the third element of inducement or material contribution. To establish "inducement," Plaintiff must plead that "affirmative steps were taken [by Defendants] to foster infringement." *Perfect 10*, 494 F.3d at 800 (quoting *MGM Studios*, 545 U.S. at 919). While Plaintiff conclusorily alleges that Defendants "knowingly induced" the infringement, Plaintiff does not allege any affirmative steps taken by Defendants to foster infringement. To establish "material contribution," Plaintiff must plead that Defendants had a "direct connection to that infringement." *Id.* at 796. Plaintiff also fails to allege that Defendants had any such connection. Consequently, Plaintiff also fails to sufficiently plead the third requisite element.

In light of the foregoing, the Court **GRANTS with leave to amend** Lau, Amazon, and Gabriel's Motion with respect to this Claim.

### D.   Claim Four: Trade Dress Infringement, Federal Unfair Competition, and False Designation of Origin (15 U.S.C. § 1125(a)) Against Lau, Gabriel, and Amazon

Unregistered trade dress is subject to protection under § 43(a) of the Lanham Act. *Two*

*Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 776 (1992) (Stevens, J., concurring) ("[T]he Court interprets [§ 43(a)] as having created a federal cause of action for infringement of unregistered trademark or trade dress and concludes that such a mark or trade dress should receive essentially the same protection as those that are registered."); *see also* 15 U.S.C. § 1125(c)(4). To state a claim for trade dress infringement under § 1125(a), plaintiff must allege that: (1) plaintiff's claimed trade dress is inherently distinctive or has acquired secondary meaning; (2) plaintiff's claimed trade dress is nonfunctional; and (3) defendant's product creates a likelihood of consumer confusion. *Disc. Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1005 (9th Cir. 1998).

With regard to the first element, a "mark has acquired distinctiveness, even if it is not inherently distinctive, if it has developed secondary meaning." *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 211 (2000). The trade dress of a product attains secondary meaning "when the purchasing public associates the dress with a particular source." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 843 (9t Cir. 1987). Plaintiff alleges that it has long been marketing and advertising Jewelry featuring its trade dress, including in popular fashion magazines such as *Vogue* and *Vanity Fair*. (FAC ¶¶ 33, 38, & 40). Plaintiff further alleges that its marketing and advertising efforts have led to recognition of its Jewelry and its trade dress both by the press and the public. (FAC ¶¶ 39-40, & 89.) Plaintiff alleges that consumers therefore rely on Plaintiff's trade dress to ascertain the source of Plaintiff's Jewelry. (FAC ¶¶ 36, 37, 45, & 89.) Based on these allegations, the Court therefore finds that Plaintiff sufficiently pleads the distinctiveness and secondary meaning of its trade dress.

With regard to the second element, "[a] product feature is functional if it is essential to the product's use or if it affects the cost and quality of the product." *Rachel v. Banana Republic*, 831 F.2d 1503, 1506 (9th Cir. 1987). Although courts consider a number of factors in determining functionality, this inquiry is a "question of fact" and is therefore inappropriate for determination at the Rule 12(b)(6) stage. *Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 823 (9th Cir. 1993). Plaintiff has alleged that its trade dress is "arbitrary" and "nonfunctional" and that its trade dress rights are in the "appearance and aesthetics" of its Jewelry. (FAC ¶¶ 32, 34, 62, & 89). The Court finds these allegations satisfy the nonfunctionality pleading requirement.

With respect to the third element, "[a] likelihood of confusion exists when a consumer viewing a service mark is likely to purchase the services under a mistaken belief that the services are, or associated with, the services of another provider." *Murray v. Cable Nat'l Broad. Co.*, 86 F.3d 858, 861 (9th Cir. 1996) (citing *Rodeo Collection, Ltd. v. West Seventh*, 812 F.2d 1215, 1217 (9th Cir. 1987)). The confusion must be "probable, not simply a possibility." *Murray*, 86 F.3d at 861 (quoting *Rodeo Collection*, 812 F.2d at 1217). The Ninth Circuit has identified eight factors relevant in determining likelihood of confusion. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), *abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 (9th Cir. 2003). A district court may decide whether a likelihood of confusion exists on the face of the pleadings and dismiss a complaint "[if] the court determines as a matter of law from the pleadings that the goods are unrelated and confusion is unlikely." *Murray*, 86 F.3d at 860 (citing *Toho Co., Ltd. v. Sears, Roebuck & Co.*, 645 F.2d 788, 790-91 (9th Cir. 1981)).

Plaintiff alleges that Defendants' Infringing Designs are "substantially indistinguishable" and likely to cause confusion. (FAC ¶¶ 66-67 & 90-91.) Moreover, Plaintiff has attached Exhibit 1 to its FAC, which shows that many of Defendants' products bear features similar to Plaintiff's alleged trade dress, including interwoven nautical cable threads and twisted stainless steel components. (FAC ¶ 35; Ex. 1.) Based on Plaintiff's allegations, and because the Court is

unable to say as a matter of law that the goods are unrelated and confusion is unlikely, the Court finds that Plaintiff adequately pleads a likelihood of confusion against those Defendants listed in Exhibit 1. As with the copyright infringement claim (see Section IV.A, *supra*), this means that Plaintiff adequately alleges that Lau's Infringing designs are likely to cause consumer confusion but that Plaintiff fails to sufficiently plead that Gabriel's and Amazon's Infringing Designs are likely to cause confusion.

In light of the foregoing, the Court **GRANTS in part** Lau, Gabriel, and Amazon's Motion to Dismiss with respect to this claim. Specifically, the Court **GRANTS with leave to amend** this Motion with respect to Defendants Gabriel and Amazon but **DENIES** this Motion with respect to Defendant Lau.

### E.       Claim Five: State Trade Dress Infringement (Cal. Bus. & Prof. Code § 14245) Against the Moving Defendants

Because Plaintiff concedes its claim for state trade dress infringement, the Court **GRANTS without leave to amend** Moving Defendants' Motions with respect to this claim. (Opp'n at 6 n.2.)

### F.       Claim Six: State Injury to Business Reputation and Dilution (Cal. Bus. & Prof. Code § 14247) Against Lau, Gabriel, and Amazon

The analysis for dilution under both California and federal law is the same. *Exxon Mobil Corp. v. Future Grp. LLC*, 2012 WL 2553560, slip. op. at *4 (E.D. Cal. June 29, 2012) (citing *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008) (discussing the congruence between a federal dilution action under 15 U.S.C. §1125(c) and a state dilution action under section 14247's predecessor, California Business and Professions Code section 14330)). To prevail on its dilution claim, Plaintiff must show that (1) Plaintiff's mark is famous and distinctive, (2) Defendant is making use of the mark in commerce, (3) Defendant's use began after the mark became famous, and (4) Defendant's use of the mark is likely to cause dilution by blurring or tarnishment. *Id.* (citing *Jada Toys*, 518 F.3d at 634). Like § 1125 (see Section IV.D, *supra*), section 14247 encompasses trade dress, so long as the trade dress is famous and distinctive. Cal. Bus. & Prof. Code § 14247(a); *see also Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 1011-12 (C.D. Cal. 2011).

With respect to the first element, "a mark is famous if it is widely recognized by the general consuming public of this state, or by a geographic area of this state, as a designation of source of the goods or services of the mark's owner." Cal. Bus. & Prof. Code §14247(a). Section 14247 provides a variety of factors a court may consider in making this determination. Cal. Bus. & Prof. Code § 14247(a). For the same reasons discussed in Section IV.D, *supra*, Plaintiff sufficiently pleads that its trade dress is famous and distinctive.

With respect to the second element, Plaintiff alleges that Defendants purchased, sold, manufactured, imported, and distributed the Infringing Designs. (FAC ¶¶ 50-51.) Exhibit 1 attributes specific infringing designs to some of the Defendants. (FAC Ex. 1.) Taken as true, these allegations, in combination, allow the Court to infer that the Defendants in Exhibit 1 have used Plaintiff's trade dress in commerce. As with Plaintiff's copyright infringement and trade dress infringement claims (see Sections IV.A and IV.D, *supra*, respectively), however, Plaintiff fails to adequately allege that the Defendants who are not listed in Exhibit 1 have used Plaintiff's trade dress in commerce. Plaintiff therefore sufficiently pleads the second element with respect to Defendant Lau, but fails to adequately plead the second element with respect to Defendants Gabriel and Amazon.

With respect to the third element, Plaintiff alleges that its trade dress is unique and that it achieved such status prior to Defendants' use. (FAC ¶ 105.) Plaintiff therefore sufficiently pleads that Lau began using Plaintiff's trade dress after it became famous.

With respect to the fourth element, Plaintiff must allege that Defendants' use of its mark is likely to cause dilution by blurring or dilution by tarnishment. According to 15 U.S.C. § 1125(c), the federal dilution statute to which California's state law analysis is identical, "'dilution by tarnishment' is association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark." 15 U.S.C. § 1125(c)(2)(C). "Dilution by blurring," on the other hand, is "association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark." 15 U.S.C. § 1125(c)(2)(B).

Plaintiff alleges that "Defendants' products are substantially indistinguishable from and a blatant and obvious imitation of the ALOR Trade Dress." (FAC ¶ 91.) Plaintiff attached Exhibit 1 to demonstrate the similarity between Plaintiff's Jewelry and Lau's Infringing Designs. (FAC Ex. 1.) Plaintiff also alleges that Defendants' use of its trade dress is likely to "dilute[] the distinctive quality of the ALOR trade dress." (FAC ¶ 106.) Based on these allegations, the Court finds that Plaintiff satisfies the fourth element of the claim against Lau.

In light of the foregoing, the Court **GRANTS in part** Lau, Gabriel, and Amazon's Motion to Dismiss with respect to this claim. Specifically, the Court **GRANTS with leave to amend** this Motion with respect to Defendants Gabriel and Amazon but **DENIES** this Motion with respect to Defendant Lau.

### G.    Claim Seven: Breach of Implied and/or Quasi-Contract Against Tapper's

Although the Ninth Circuit has recognized that "[t]here cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time," Rule 8(d) allows a party to plead statements of a claim in the alternative, "regardless of consistency." Fed. R. Civ. Pro. 8(d)(2)-(3); *Berkla v. Corel Corp.*, 302 F.3d 909, 918 (9th Cir. 2002) (quoting *Wal–Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613 (1975)). Because Plaintiff is allowed to plead in the alternative, it would not be proper at this procedural stage for the Court to dismiss Plaintiff's claim for breach of implied contract on grounds that Plaintiff alleges the existence of an express contract.

As to the elements of the claim, "[a] cause of action for breach of implied contract has the same elements as does a cause of action for breach of contract, except that the promise is not expressed in words but is implied from the promisor's conduct." *Yari v. Producers Guild of Am., Inc.*, 161 Cal. App. 4th 172, 182 (2008); *see also* Cal. Civ. Code § 1621. To state a claim for breach of contract under California law, a plaintiff must plead: (1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance of the contract; (3) defendant's breach of the contract; and (4) resulting damages. *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968).

As to the first element, Plaintiff alleges that "[w]hen providing access to the Subject Designs to [Defendants], Plaintiff clearly indicated that [Defendants were] receiving access . . . with the condition that [Defendants were] to tender to Plaintiff the reasonable value of use . . . if [Defendants were] to make use of any [of] the Subject Designs." (FAC ¶ 114.) It is clear enough from these allegations that Plaintiff promised access to its Jewelry designs and that Defendants promised to seek Plaintiff's permission and provide Plaintiff compensation for their

use. Because these allegations are sufficient to find an oral contract, the Court finds that these allegations are also sufficient to show conduct implying the existence of a contract.

With respect to the second element, Plaintiff alleges that it provided access to its Jewelry. (FAC ¶¶ 113-115.) The Court therefore finds that Plaintiff sufficiently pleads that it performed the contract.

With respect to the third element, Plaintiff alleges that Tapper's "failed to seek Plaintiff's authorization before using the Subject Designs, and failed to pay Plaintiff for use of the Subject Designs, in violation of the parties' express and implied agreements." (FAC ¶ 117.) The Court therefore finds that Plaintiff sufficiently pleads that Defendants breached the contract.

With respect to the fourth element, Plaintiff alleges that Defendants failed to pay it for use of its Jewelry and that Plaintiff "has suffered general and special damages." (FAC ¶¶ 117-18.) The Court therefore finds that Plaintiff sufficiently pleads resulting damages.

Based on the foregoing, the Court **DENIES** Defendant Tapper's Motion with respect to this claim.

### H. Claim Eight: Breach of Fiduciary Duties Against Tapper's

The elements for breach of fiduciary duty are: (1) the existence of a fiduciary duty, (2) breach of that duty, and (3) resulting damages. *Pellegrini v. Weiss*, 165 Cal. App. 4th 515, 524 (2008).

With respect to the first element, a fiduciary relationship exists where "confidence is reposed by one person in the integrity of another," and arises in such contexts as trustee/beneficiary, directors and majority shareholders of a corporation, business partners, joint adventurers, and agent/principal. *Wolf v. Superior Court*, 107 Cal. App. 4th 25, 29–30 (2003). In general, California law rejects the idea that a contractual relationship gives rise to a fiduciary duty. *See id.* at 31. Moreover, "[t]he relationship of seller to buyer is not one ordinarily vested with fiduciary obligation." *Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 222 (Cal. 1983), *superceded by statute on other grounds as stated in Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223 (2006).

Plaintiff alleges only that its "pattern of dealings and doing business" and entry into its respective "agreements" with Defendants gave rise to a fiduciary duty. (FAC ¶ 120.) Under *Wolf* and *Committee on Children's Television*, the relationships Plaintiff alleges with Defendants are not sufficient to create a fiduciary duty.

Because it does not appear that Plaintiff can cure this defect, the Court **GRANTS without leave to amend** Defendant Tapper's Motion with respect to this claim.

### I. Claim Nine: Breach of the Covenant of Good Faith and Fair Dealing Against Tapper's

California law implies the covenant of good faith and fair dealing in every contract to ensure one contracting party does not unfairly frustrate the other party's right to receive the benefits of their agreement. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349 (2000). To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must allege (1) the existence of a contractual obligation, and (2) conduct that frustrates the other party's rights to benefit from the contract. *Fortazela v. PNC Fin. Servs. Grp., Inc.*, 642 F. Supp.

2d 1012, 1021-22 (N.D. Cal. 2009). "[B]reach of a specific provision of the contract is not a necessary prerequisite." *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 373 (Cal. 1992). "If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,* 222 Cal. App. 3d 1371, 1395 (1990); *see also Guz*, 24 Cal. 4th at 327.

With respect to the first element, Plaintiff sufficiently alleges the existence of a contractual obligation for the reasons discuss in Section IV.G, *supra.*

With respect to the second element, Plaintiff alleges that Defendants "interfered with Plaintiff's rights when they later conspired . . . to develop, distribute, market and sell a product that was copied from Plaintiff's product, infringes Plaintiff's intellectual property rights, and which competes with the product offered by Plaintiff." (FAC ¶ 128.) The Court finds that these allegations sufficiently plead that Defendants' conduct frustrated Plaintiff's rights to benefit from the contract. Moreover, because Plaintiff alleges that Defendants "conspired," or acted in bad faith, the allegations in this claim go beyond Plaintiff's statement of a contract breach (see Section IV.G, *supra*). This claim is therefore not superfluous.

In light of the foregoing, the Court **DENIES** Defendant Tapper's Motion with respect to this claim.

### J.    Claim Ten: Violation of 15 U.S.C. § 1124 Against Lau and Gabriel

To prevail on its claim for unlawful importation of infringing goods, Plaintiff must establish that (1) it owns a federally registered trademark, (2) Defendants imported merchandise, and (3) the imported merchandise bears copies of the federally registered trademark. 15 U.S.C. § 1124. Unlike an action under § 1125 (see Section IV.D, *supra*), § 1124 does not encompass trade dress infringement. *See* 15 U.S.C. § 1124; *see also Qualitex Co. v. Jacobsen Prods. Co., Inc.*, 514 U.S. 159, 174 (1995); *Arcadia Tech., Inc. v. United States*, 458 F.3d 1327, 1329 (Fed. Cir. 2006).

Although Plaintiff alleges that Defendants imported jewelry that infringed Plaintiff's copyrights and trade dress, Plaintiff fails to allege that Defendants' imported jewelry bears a copy of Plaintiff's "ALOR" trademark or any *registered* trade dress. (FAC ¶¶ 48 & 62.) Consequently, Plaintiff fails to adequately plead a violation of § 1124. Moreover, based on the factual circumstances as alleged by Plaintiff, it does not appear that Plaintiff can cure this defect. The Court therefore **GRANTS without leave to amend** Lau's and Gabriel's Motions to Dismiss with respect to this claim.

### K.    Claim Eleven: Violation of 17 U.S.C. § 1202 Against the Moving Defendants

Plaintiff pleads violations of both 17 U.S.C. § 1202(b)(1) and (3) of the Digital Millennium Copyright Act ("Digital Copyright Act"). To sufficiently plead a violation of 17 U.S.C. § 1202(b)(1), a plaintiff must allege that a defendant (1) without the authority of the copyright owner or law (2) intentionally (3) removed and/or altered (4) copyright management information ("CMI") on plaintiff's work (5) with knowledge that it will induce, enable, facilitate, or conceal an infringement. 17 U.S.C. § 1202(b)(1). To sufficiently plead a violation of 17 U.S.C. § 1202(b)(3), a plaintiff must allege that a defendant (1) distributed or imported for distribution (2) copies of works (3) knowing that the CMI has been removed or altered (4) without authority of the copyright owner or the law (5) with knowledge that it will induce, enable, facilitate, or

conceal an infringement. For the purposes of § 1202(b), CMI is defined as information conveyed with copies of a work, including the name of the author of a work or the name of the copyright owner of a work. 17 U.S.C. § 1202(c).

Plaintiff alleges that Defendants intentionally destroyed, removed, and/or altered its CMI when they produced illegal copies of its Jewelry, the inference being that Defendants violated the Digital Copyright Act by omitting Plaintiff's CMI from the copies. (FAC ¶ 142.) However, the plain language of the statute encompasses only removal and alteration. *See* 17 U.S.C. § 1202(b). Because the language of the statute is clear and Plaintiff fails to cite any case law expanding the meaning of the Digital Copyright Act to include omissions, the Court finds that Plaintiff has failed to adequately plead its claims for violations of both 17 U.S.C. § 1202(b)(1) and (3). Moreover, based on the factual circumstances as alleged by Plaintiff, the Court finds that this defect cannot be cured. The Court therefore **GRANTS without leave to amend** the Moving Defendants' Motions with respect to this claim.[3]

### L.  Claim Twelve: Violation of 15 U.S.C. §§ 1114 et seq. Against the Moving Defendants

To establish a claim for trademark infringement under § 1114, Plaintiff must establish that Defendants are using (1) any reproduction, counterfeit, copy of colorable imitation of a mark; (2) without Plaintiff's consent; (3) in commerce; (4) in connection with the sale of any goods; (5) where such use is likely to cause confusion or to cause a mistake or to deceive." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988). Unlike § 1125(a), § 1114 protects only registered trademarks. 15 U.S.C. § 1114; *see also Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 784 (1992) (see Section IV.D, *supra*).

While Plaintiff alleges that it owns a registered trademark in the mark, "ALOR," Plaintiff's allegations of infringement go only to its trade dress. (*See* FAC ¶ 88.) However, Plaintiff has not alleged that its trade dress has been federally registered. § 1114 protects only against infringement of a registered mark. Because Plaintiff fails to allege that the Moving Defendants used Plaintiff's registered mark, "ALOR," or any *registered* trade dress, Plaintiff fails to adequately plead its claim for violation of § 1114. The Court **GRANTS without leave to amend** the Moving Defendants' Motion with respect to this claim.

---

[3] The Moving Defendants also contend that Plaintiff's claim is deficient because Plaintiff does not allege that the infringement occurred in the "Internet or electronic commerce." Courts in this District and Circuit have found that § 1202 is not "intended to apply to circumstances that have no relation to the Internet, electronic commerce, automated copyright protections or management systems, public registers, or other technological measures or processes as contemplated in the DMCA as a whole." *Textile Secrets Int'l, Inc. v. Ya-Ya Brand, Inc.*, 524 F. Supp. 2d 1184, 1201 (C.D. Cal. 2007); *accord Brown v. Stroud*, No. 08-02348, 2011 WL 2600661, at *5 (N.D. Cal. June 30, 2011). However, this interpretation is subject to much debate, even within this District. *See, e.g., Fox v. Hildebrand*, No. 09-2085, 2009 WL 1977996, at *3 (C.D. Cal. July 1, 2009); *see also Murphy v. Millennium Records*, 650 F.3d 295, 305 (3d Cir. 2011). Based on the foregoing analysis, the Court need not decide this issue at this time.

## V.   CONCLUSION

In light of the foregoing, the Court **GRANTS in part** the Moving Defendants' Motions to Dismiss. Specifically, the Court rules as follows:

1.   Claims One, Four, and Six: The Court **GRANTS in part** Lau, Gabriel, and Amazon's Motion. Specifically, the Court **GRANTS with leave to amend** with respect to Gabriel and Amazon and **DENIES** with respect to Lau;

2.   Claims Two and Three: The Court **GRANTS with leave to amend** Lau, Gabriel, and Amazon's Motion;

3.   Claims Five, Eleven, and Twelve: The Court **GRANTS without leave to amend** the Moving Defendants' Motions;

4.   Claims Seven and Nine: The Court **DENIES** Tapper's' Motion;

5.   Claim Eight: The Court **GRANTS without leave to amend** Tapper's' Motion; and

6.   Claim Ten: The Court **GRANTS without leave to amend** Lau's and Gabriel's Motions.

Any amendment shall be filed and served no later than **August 20, 2012.**

**IT IS SO ORDERED.**

_____ : _____

Initials of
Preparer          _____