UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-02215 RGK (VBKx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | *A'LOR INT'L, LTD. v. TAPPERS FINE JEWELRY, INC., et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams, Not Present | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order re: Plaintiff A'lor's Motion for Summary Adjudication (DE 208); Defendant Lau's Motion for Partial Summary Judgment Re Plaintiff's Copyright Infringement Claim (DE 196); Defendant Miami Lakes's Motion for Partial Summary Judgment re Plaintiff's Trade Dress Infringement Claim (DE 202)

## I.    INTRODUCTION

On March 15, 2012, A'lor International, Ltd. ("Plaintiff") filed an action against various defendants, including Tappers Fine Jewelry, Inc. ("Tappers"), Hudson Poole Jewelers, Inc. ("Hudson"), Source Jewelers ("Source"), Miami Lakes Jewelers, Inc. ("Miami Lakes"), Maurice Jewelers, Inc. ("Maurice"), Anything Goes, Inc. ("Anything Goes"), and Lau International, Inc. ("Lau")(collectively, "Defendants"). In its Second Amended Complaint, Plaintiff alleges claims for copyright infringement (direct, vicarious, and contributory), trade dress infringement, state injury to business reputation and dilution, breach of implied and/or quasi-contract, and breach of the covenant of good faith and fair dealing.

Before the Court are (1) Plaintiff's Motion for Summary Adjudication on the issues of copyright infringement and trade dress infringement; (2) Defendant Lau's Motion for Partial Summary Judgment Re Plaintiff's Copyright Infringement Claim;[1] and (3) Defendant Miami Lakes's Motion for Partial Summary Judgment Re Plaintiff's Trade Dress Infringement Claim.[2] For the following reasons, the Court **denies** Plaintiff's Motion for Summary Adjudication, **denies** Lau's Motion for Partial Summary Judgment on the issue of invalid copyright, and **grants** Miami Lakes's Motion for Partial Summary Judgment. Additionally, the Court finds as a matter of law, that Defendants did not infringe on

---

[1] Lau's motion has been joined by Anything Goes, Hudson, Maurice, Miami Lakes, Source, and Tappers. (DE 218.) Therefore, unless otherwise stated, all findings regarding this motion apply equally to these defendants.

[2] Miami Lakes's motion has been joined by Anything Goes, Hudson, Maurice, Source, Tappers, and Lau (DE 219.) Therefore, unless otherwise stated, all findings regarding this motion apply equally to these defendants.

Plaintiff's copyright, and **grants** summary judgment in their favor as to the copyright infringement claim.

## II.  FACTUAL BACKGROUND

The parties allege the following facts.

Plaintiff is a designer and dealer of jewelry, doing business under the name, Charriol USA. Plaintiff designs and sells fine jewelry, including bracelets, earrings, and rings that bear a nautical twisted cable motif. Plaintiff's products are sold in luxury stores such as Bloomingdale's and Nordstrom, and have been featured in well-known fashion magazines.

Defendants are producers, distributors or retailers of jewelry. Defendants have produced, distributed, and sold jewelry that Plaintiff alleges is substantially similar to its designs ("Subject Designs"), and infringes on its registered copyrights and trade dress.

## III.  JUDICIAL STANDARD

Summary judgment is proper where "the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence for a reasonable jury to find for the nonmoving party, and a fact is "material" when it may affect the outcome of the case under the substantive law that provides the claim or defense. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

The moving party has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party is without the ultimate burden of persuasion at trial, it may either produce evidence negating an essential element of the opposing party's claim, or demonstrate that the nonmoving party does not have enough evidence to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Insurance Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000). If the moving party meets this initial requirement, the burden then shifts to the opposing party to go beyond the pleadings and set forth specific facts that establish a genuine issue of material fact remains for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

In granting summary judgment, a district court is not entitled to weigh the evidence and resolve disputed underlying factual issues. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). Rather, courts are required to view all inferences to be drawn from "the underlying facts . . . in the light most favorable to the party opposing the motion." *Id.* (quoting *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)).

## IV.  DISCUSSION

In its Second Amended Complaint, Plaintiff alleges that it holds valid copyrights and trade dress in the Subject Designs, which consist of bracelets, rings and earrings. Each of these pieces features the primary element of a metal nautical rope band. Each of the bands are layered and/or adorned with various ornaments and clasps. Plaintiff alleges that Defendants have created and/or sold 24 separate items that infringe on Plaintiff's registered copyrights and trade dress ("Accused Designs").

The Court addresses each of Plaintiff's infringement claims in turn.

    **A.**    **Copyright Infringement Claim**

To succeed on its copyright infringement claims, Plaintiff must show that (1) Plaintiff owns valid copyrights in the Subject Designs; and (2) Defendants infringed on Plaintiff's copyright. As discussed below, the Court finds that Plaintiff has satisfied its burden as to the first prong, but not the second prong.

    1.    *Plaintiff Owns Thinly Protected Copyrights in Most of the Subject Designs*

Under 17 U.S.C. § 410(c), a registration certificate constitutes prima facie evidence of a valid copyright and of the facts stated in the certificate. *See Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003). To rebut the presumption of validity, the defendant must introduce competent evidence showing the contrary. *Hamil America, Inc. v. GFI*, 193 F.3d 92, 98 (9th Cir. 1999).

Here, Plaintiff has introduced evidence that it holds copyright registrations for all but two of the Subject Designs.[3] (Pl.'s Mot. for Summ. J., Zemer Decl., Ex. 1; Pl.'s Reply, Zemer Decl., Ex. 17Pl.'s Opp'n to Lau's Mot. for Summ. J., Zemer Decl., Ex. 2 (Parts A-D). As to the two designs for which there is no evidence of registration, the Court dismisses without prejudice Plaintiff's copyright infringement claims. *See* 17 U.S.C. § 411(a). As to the remaining designs, a presumption of validity exists, and the burden rests on Defendants to introduce evidence showing the contrary.

It is well-established that copyright validity depends on originality. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 490 U.S. 340, 345 (1991). In copyright, "original" means only that the work was independently created by the author, and that it possesses at least some minimal degree of creativity. *Id*. Although the amount of creativity to meet the standard is low, it is not negligible. *Id.* at 362. There must be something more than a "merely trivial" variation, something recognizably the artist's own. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 489 (9th Cir. 2000).

The scope of protection does not extend to ideas, however, no matter the degree of originality. *See* 17 U.S.C. § 102(b). Rather, copyright protects only the means of *expressing* ideas. *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738, 741 (9th Cir. 1971)(emphasis added). While expressions are protected, limitations still exist. No protection is afforded to elements of expression that naturally follow from an idea, or to expressions that are standard, stock, or common to a particular subject matter or medium. *Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003).

To rebut the presumption of validity, Defendants contend that each of Plaintiff's copyrights are invalid because the designs lack originality. Plaintiff, in response, does not dispute that the individual elements are not protected. Rather, Plaintiff argues that the manner in which Plaintiff (1) selected, crafted, and conditioned its nautical cable, (2) twisted and layered the cable, (3) added embellishments and adornments at certain points on or in connection with the cable, and (4) fused the cable with the clasp components; are all sufficient to accord copyright protection.

Indeed, the Ninth Circuit has held that a combination of unprotectable elements may qualify for copyright protection. *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1446 (9th Cir. 1994); *United States v. Hamilton*, 583 F.2d 448, 451 (9th Cir. 1978). In this situation, however, eligibility for copyright protection extends only if the unprotectable elements are numerous enough and their selection

---

[3] Defendants asserts that Plaintiff fails to show evidence that it applied for, or received, registration certificates for ten of the Subject Designs: 04-35-S912-11, 04-52-0922-11, 04-37-S924-11, 04-32-S932-11, 04-37-S932-11, 04-52-0932-11, 04-52-0939-11, 04-37-S067-11, 04-33-S067-11, and 02-32-SP01-11. In its Reply, Plaintiff presented registration numbers for all but two: 02-32-SP02-11 and 04-37-S924-11.

and arrangement original enough that their combination constitutes an original work of authorship. *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003).

The combination and arrangement of unprotectable elements in Plaintiff's Subject Designs fall short of this standard. In each of the 24 pieces, there are three to six components incorporated into the design. This small number of elements weighs heavily against protectability, as there are relatively few combinations these elements can yield. Even more significant, however, is Defendant's evidence showing nearly identical use and arrangement of the same or similar elements that predate Plaintiff's designs. Specifically, Defendant has introduced jewelry catalogs dating between 1989 and 1991 that depict nautical rope band jewelry with ornaments and clasps arranged and attached to the bands in a strikingly similar manner. (Renner Decl., Exs. 11-13.) Comparison of the Subject Designs to the jewelry depicted in the catalogs shows that any difference in Plaintiff's arrangement of unprotectable elements is so trivial that it falls below the threshold of originality. To recognize copyright protection in Plaintiff's combinations would give Plaintiff a monopoly on nautical rope band jewelry. *See Stava*, 323 F.3d at 812.

Notwithstanding the Court's analysis above, the Court recognizes that the Subject Designs incorporate some copyrightable contributions, artistic choices that are original and distinguishable from preexisting material. Specifically, the original elements of Plaintiff's designs include the style of clasp; the detailing on, and size of, the ornaments; the color of the metal; and the orientation of the panther heads and acorn filigree with respect to their pairs. Once the Court subtracts the unoriginal elements and considers only Plaintiff's original contributions, Plaintiff is left with a "thin" copyright. With thin protection, Plaintiff may prevail on an infringement claim only when there is virtually identical copying of its products.

2.  *The Accused Designs Do Not Infringe on Plaintiff's Copyrights*

Once a plaintiff establishes its ownership of a valid copyright, the plaintiff must then show that the defendant infringed on the copyright. To do so, the plaintiff must establish (1) the defendant's access to the copyrighted work, and (2) in the case of "thin" copyright protection, virtually identical copying by the defendant of the copyrighted work. *Berkic, v. Crichton*, 761 F.3d 1289, 1291-92 (9th Cir. 1985); *Mattel, Inc. v. MGA Entertainment, Inc.*, 616 F.3d 904, 914 (9th Cir. 2010).

i.  *Defendants Had Access to Copyrighted Designs*

The Ninth Circuit states that "[a]bsent direct evidence of access, a plaintiff can prove access using circumstantial evidence of either (1) a 'chain of events' linking the plaintiff's work and the defendant's access, or (2) 'widespread dissemination' of the plaintiff's work." *L.A. Printex Indus. Inc. v. Aeropastale, Inc.*, 676 F.3d 841, 846-47 (9th Cir. 2012)(citation omitted).

Plaintiff has introduced evidence that its jewelry is sold nationwide, in high-end, retail stores, such as Bloomingdale's and Nordstrom. (Zemer Decl., ¶ 4, Ex. 7.)  Its product has also been advertised in popular magazines, such as Vogue, Vanity Fair, Conde Nast Traveler, Allure, Town & Country, L.A. Confidential, Vegas Magazine, Gotham Magazine, Ocean Drive, and Extra!. *Id*. Additionally, Plaintiff's evidence indicates that it has many customers in common with Defendant Lau, including Defendants Tappers, Miami Lakes, and Hudson. (Zemer Decl., ¶ 11-13.) Defendants do not dispute these facts in any material way. As such, the Court finds no triable issue as to Defendants' access to Plaintiff's Subject Designs.

ii.  *The Accused Designs Are Not Virtually Identical*

Determining the level of similarity requires a fact specific inquiry, but it may often be decided as

a matter of law. *Benay v. Warner Bros. Entm't*, 607 F.3d 620, 624 (9th Cir. 2010). To prevail on its copyright infringement claim, Plaintiff must prove that the Accused Design(s) are virtually identical to the Subject Design(s) under both the extrinsic and intrinsic tests. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000); *Mattel, Inc. v. MGA Entertainment, Inc.*, 616F.3d 904, 914 (9th Cir. 2010). The extrinsic analysis is objective and based on "specific criteria which can be listed and analyzed." *Funky Films, Inc. v. Time Warner Entertainment, Co.*, 462 F.3d 1072, 1077 (9th Cir. 2006) (citing *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1164 (9th Cir. 1994)). The intrinsic analysis is subjective and focuses on whether a reasonable person would find the work substantially similar. *Id*.

The extrinsic test compares the concrete, protectable elements of the works. *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994). While not an exhaustive list, the relevant factors for evaluating art work include "subject matter, shapes, color, material and arrangement of the representations." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 826 (9th Cir. 2002).

Upon review of the evidence, the Court finds that none of the Accused Designs are virtually identical to the concrete, protectable elements of the Subject Designs. In nearly all of the pieces, the Accused Designs incorporate end-caps connected to lobster claw clasps. The Subject Designs do not. This one element, alone, would be sufficient to find no infringement. However, additional differences also exist with regard to the ornaments, which exist in both clasped and non-clasped pieces. Specifically, each of the Accused Designs use slightly different shapes, dimensions, detailing, and/or coloring to the focal points of the jewelry. While these differences are not as dramatic as the difference in clasp choice, the Court finds that the amount of variation of those elements is more than trivial. Based on foregoing, the Court finds that, as a matter of law, the Accused Designs do not satisfy the "virtually identical" standard.

To prevail, Plaintiff must show the products are virtually identical under both the extrinsic and intrinsic tests. Because the Court finds that the products are not virtually identical under the extrinsic test, the analysis ends, and the Court finds no infringement.

### B.    Trade Dress Infringement Claim

In its Second Amended Complaint, Plaintiff alleges that the Accused Designs infringe on its trade dress. To prove trade dress infringement, Plaintiff must demonstrate that (1) the trade dress is nonfunctional; (2) the trade dress has acquired secondary meaning, and (3) there is a substantial likelihood of confusion between the Accused Designs and the Subject Designs. *See Art Attacks v. MGA Entertainment, Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009).

Defendants argue that Plaintiff's trade dress is impermissibly general. Defendants further argue that Plaintiff fails to meet its burden of showing that its trade dress is nonfunctional and has acquired secondary meaning.

#### 1.    *Plaintiff's Trade Dress is Impermissibly General*

Plaintiff describes its trade dress as "interwoven nautical cable threads composed of twisted stainless steel wire forming single- or juxtaposed multi-strand treated cable threading with soft-textured adornments and embellishments spaced through the cable." (Pl.'s Reply, 8:11-14.)

"Trade dress" refers to the "total image of a product" and may include features such as size, shape, color, color combinations, texture or graphics. *International Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993)(citing *Vision Sports v. Melville Corp.*, 888 F.2d 609, 613 (9th Cir. 1989). Trade dress protection is broader than trademark protection because it protects aspects of product

design that cannot be registered for trademark protection, and evaluation of trade dress infringement claims requires the court to focus on the plaintiff's entire selling image, rather than the narrower single facet of trademark. *Id.* (citing J. McCarthy, Trademarks and Unfair Competition § 8:1, at 282-283 (2d ed. 1984). For this reason, courts exercise particular caution when extending protection to product designs, as granting trade protection to an ordinary product design would create a monopoly in the goods themselves. *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373 380 (2d Cir. 1997).

In this exercise of caution, courts have held that a plaintiff seeking protection for a product design must articulate which elements make up its claimed trade dress. *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 116 (9th Cir. 2001). Moreover, the articulation of the elements must be sufficiently precise, as trade dress does not protect an idea, concept, or generalized type of appearance. *See Jeffrey Milstein, Inc. v. Greger Lawlor, Roth, Inc.*, 58 F.3d 27, 32 (2d Cir. 1995). Where the design is overbroad or too generalized, such design may be considered generic, and not subject to protection.

Upon review of Plaintiff's claimed trade dress, the Court finds that it is impermissibly general and overbroad. The idea of nautical cable motif jewelry potentially has many expressions. With the exception of an unadorned band, however, it is difficult to imagine that any of those expressions will not fall within the broad description of "single- or juxtaposed multi-strand treated cable threading with . . . adornments and embellishments spaced through the cable."[4] As such, extending protection to this trade dress would permit Plaintiff to exclude competition from functionally similar products that use stainless steel in nautical cable band jewelry. While a specific manner in which Plaintiff juxtaposes the strands or arranges the adornments and embellishments on the cable is likely protectable, the Plaintiff does not come close to expressing its trade dress with such specificity. Therefore, the Court finds that the trade dress, as articulated by Plaintiff, is no more than a concept or idea.[5]

## V. EVIDENTIARY OBJECTIONS

To the extent the Court relied on evidence to which the parties object, objections to that evidence is overruled.

## VI. CONCLUSION

In light of the foregoing, the Court rules as follows:

Copyright Infringement Claims

(1) Plaintiff's Motion: The Court **denies** Plaintiff's Motion for Summary Adjudication as to its copyright infringement claims. Specifically, Plaintiff's claims as to A'lor Items # 04-37-S924-11 and 02-32-SP02-11 are dismissed without prejudice. The Court also finds, as a matter of law, that the Accused Designs do not infringe on the Subject Designs. Therefore, **summary judgment on the issue of copyright infringement is awarded in favor of Defendants**.

(2) Defendant Lau's Motion: The Court **denies** Lau's Motion for Partial Summary Judgment

---

[4] The Court notes that Plaintiff includes in its claimed trade dress "soft-textured," to describe the adornments and embellishments. This additional description, however, is vague and unhelpful, and does not lend any further precision to the design.

[5] Based on the Court's finding above, it need not address Defendant's other challenges to Plaintiff's trade dress.

as to the issue of invalid copyrights.[6]

Trade Dress Infringement Claim

    (1)    Plaintiff's Motion: The Court **denies** Plaintiff's Motion for Summary Adjudication as to its trademark infringement claims.

    (2)    Defendant Miami Lakes's Motion: The Court **grants** Miami Lakes's Motion for Partial Summary Judgment as to Plaintiff's claim for trade dress infringement.

The Court orders Plaintiff to show cause in writing by **April 8, 2013** why the remaining claims in the Second Amended Complaint should not be dismissed in light of the Court's ruling as to Plaintiff's copyright infringement claims and trade dress infringement claim. Defendants may file a response no later than **April 10, 2013**.

**IT IS SO ORDERED.**

:

Initials of Preparer

---

[6] In its motion, Lau also challenged the sufficiency of Plaintiff's claims as to 22 of the Accused Designs on the ground that it did not create or sell 5 of the designs, and created and sold the remaining 17 designs prior to Plaintiff's publication of those designs. In light of the Court's award of summary judgment in favor of Defendants on the issue of copyright infringement, the Court finds these issues moot.