```
1  SEDGWICK LLP
   ROBERT F. HELFING  Bar No. 90418
2  robert.helfing@sedgwicklaw.com
   HEATHER L. MCCLOSKEY  Bar No. 193239
3  heather.mccloskey@sedgwicklaw.com
   XIAOYI YAO   Bar No. 261290
4  xiaoyi.yao@sedgwicklaw.com
   801 South Figueroa Street, 19th Floor
5  Los Angeles, California 90017-5556
   Telephone: (213) 426-6900
6  Facsimile: (213) 426-6921

7  Attorneys for Defendants
   Lau International, Inc., Tappers Fine
8  Jewelry, Inc., Miami Lakes Jewelers, Inc.,
   Hudson-Poole Jewelers, Inc., Source
9  Jewelers, Maurice Jewelers, Inc. and
   Anything Goes, Inc.
10
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| A'LOR INTERNATIONAL, LTD., | CASE NO. CV12-02215 RGK (VBKx) |
|---|---|
| Plaintiff, | [PROPOSED] JUDGMENT |
| v. | |
| TAPPERS FINE JEWELRY, INC., et al., | |
| Defendants. | |

    A'lor International, Ltd. ("Plaintiff") filed the instant action against multiple defendants, all of whom have been dismissed except Tappers Fine Jewelry, Inc. ("Tappers"), Hudson Poole Jewelers, Inc. ("Hudson"), Source Jewelers ("Source"), Miami Lakes Jewelers, Inc. ("Miami Lakes"), Maurice Jewelers, Inc. ("Maurice"), Anything Goes, Inc. ("Anything Goes"), and Lau International, Inc. ("Lau") (collectively, "Defendants"). In its Second Amended Complaint, Plaintiff alleges claims for copyright infringement (direct, vicarious, and contributory), trade dress

infringement, state injury to business reputation and dilution, breach of implied and/or quasi-contract, and breach of the covenant of good faith and fair dealing.

Plaintiff A'Lor filed a Motion for Summary Adjudication on the issues of copyright infringement and trade dress infringement. Defendant Lau filed a Motion for Partial Summary Judgment Re Plaintiff's Copyright Infringement Claim and defendant Miami Lakes filed a Motion for Partial Summary Judgment Re Plaintiff's Trade Dress Infringement Claim. Each non-filing Defendant joined in the Motions filed by Lau and Miami Lakes. Pursuant to the ruling on those Motions, set forth in its Order of April 1, 2013, and its supplemental ruling in its Order re Dismissal of Remaining State Claims dated April 16, 2013, the Court issues judgment in the following terms:

1) Plaintiff A'Lor failed to show that it registered the alleged copyright in the Subject Designs identified as Style Nos. 02-32-SP02-11 and 04-37-S924-11. The claims for infringement of those designs are therefore dismissed without prejudice.

2) Each of the copyrights for the remaining Subject Designs provides only thin protection, and can be infringed only by a work that is virtually identical. None of the Defendants' Accused Designs are virtually identical to the corresponding copyrighted design. Accordingly, the Defendants did not infringe on any of A'Lor's copyrights. The infringement claims based upon the registered copyrights are dismissed with prejudice.

3) Plaintiff A'Lor's alleged trade dress is impermissibly general and overbroad, describing only a mere concept or idea. As such, it is not entitled to protection and the Defendants could not and did not infringe on it. The claims for trade dress infringement and federal unfair competition and false designation of origin are dismissed with prejudice.

4) The only other claims are for injury to business reputation and dilution, breach of contract and breach of the implied covenant of good faith and

fair dealing, all asserted under state law. The Court declines to exercise supplemental jurisdiction over those claims and therefore dismisses them for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that plaintiff A'Lor recover nothing and that that the instant action be dismissed in its entirety. Defendants Tappers, Hudson, Source, Miami Lakes, Maurice, Anything Goes and Lau may recover their costs and attorney's fees as may be determined by motion pursuant to Fed.R.Civ.P. 54(d)(1) and (2).

DATED: JUN 2 1 2013

_____
United States District Court Judge